**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

OCT 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| WILLIAM ALEXANDER LEIVA-PEREZ,<br><br>               Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 09-71636<br><br>Agency No. A094-773-199<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2011[**]
San Francisco, California

Before: WARDLAW, FISHER, and BERZON, Circuit Judges.

William Alexander Leiva-Perez petitions for review of a decision of the

Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial

of his application for asylum, withholding of removal, and relief under the United

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nations Convention Against Torture (CAT). We grant the petition and remand to the BIA.

1. The BIA abused its discretion by failing to provide a reasoned explanation for its decision. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). The BIA held that Leiva-Perez "failed to establish that past attempts to extort money from him were on account of political opinion, or that any other harm [Leiva-Perez] has suffered or will suffer was or will be on account of [statutory grounds]." Leiva-Perez, who was found credible, had the burden of proving "(1) that he held, or his persecutors believed that he held, a political opinion; and (2) that he was harmed because of that political opinion." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (citation omitted). Because he filed his application for asylum after May 11, 2005, Leiva-Perez must meet the REAL ID Act's requirement that his political opinion was "one central reason" for his persecution, although he "need not prove that a protected ground was the only central reason for the persecution [he] suffered," as "a persecutory act may have multiple causes." *Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir. 2009).

Leiva-Perez adduced considerable evidence to carry his burden. First, he demonstrated that he was associated with the ARENA political party. He believed that ARENA would improve El Salvador; wore ARENA shirts, particularly during

2

campaigns; and worked for a boss who supported ARENA, at a location where ARENA meetings were held. Leiva-Perez asserted that he was targeted because of his connection to his boss and his boss's support of ARENA.

Second, Leiva-Perez testified that his attackers were members of FMLN, a rival political party to ARENA; that they were driving cars adorned with FMLN flags during at least one of their attacks on him; and that the FMLN members often held confrontational street meetings.

Third, Leiva-Perez asserted that the first time he was attacked, FMLN members "approached [him] and without saying any thing [sic] they started to hit [him]," and then told him that they "had [him] under surveillance." There was no mention of money during that attack; that demand came some two months later, in a second attack of Leiva-Perez by FMLN members. The IJ and the BIA, however, did not mention the first attack at all in their analyses, and so did not consider the reference to "surveillance" or the inconsistency between that initial attack and the thesis that the FMLN members were interested in Leiva-Perez only as a source of funds.

In sum, the BIA, agreeing with the IJ, dramatically minimized or disregarded the record evidence that Leiva-Perez appeared to be an ARENA sympathizer; worked in a place where ARENA meetings were held and for a boss who was a

3

known ARENA supporter; was attacked by members of a rival party while they were exhibiting party insignia; and was attacked so as to be "control[led]," apart from the later extortion attempts. Although there may be a reasoned basis for nonetheless finding no nexus between the violence Leiva-Perez suffered and a protected ground, the agency has not yet articulated one, and "we can neither 'accept . . . post hoc rationalizations for agency action' nor 'supply a reasoned basis for the agency's action that the agency itself has not given.'" *Hernandez-Cruz v. Holder*, --- F.3d ----, 2011 WL 2652461, at *11 (9th Cir. 2011) (quoting *Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668, 688 (9th Cir. 2007)).

We therefore remand to the BIA for the limited purpose of reconsidering its holding that Leiva-Perez has not shown the requisite nexus. If the BIA reaches the same conclusion upon remand, it shall explain its reasoning in sufficient detail to demonstrate that it "has heard, considered, and decided" the nexus issue. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1141 (9th Cir. 2004); *see also Franco-Rosendo v. Gonzales*, 454 F.3d 965, 967–68 (9th Cir. 2006); *Movsisian*, 395 F.3d at 1098.

2. The BIA did not consider the IJ's alternative basis for denying the asylum claim: that Leiva-Perez "ha[d] not demonstrated [that] he could not live elsewhere in El Salvador." We therefore cannot consider it either, *see Andia v. Ashcroft*, 359

4

F.3d 1181, 1184 (9th Cir. 2004) (per curiam), and so remand for the BIA to consider that issue in the first instance as well. We note, however, that the IJ appeared to apply the wrong standard as to this issue. Once it is established that an alien was persecuted on account of a protected ground, it is the *government*'s burden to prove that he could avoid persecution by internally relocating. *See* 8 C.F.R. § 208.13(b)(1)(B) & (b)(ii).

3. The BIA's only basis for denying Leiva-Perez's withholding claim was that insofar as he had failed to meet the lower burden of proof for asylum, *a fortiori* he could not establish eligibility for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A); *Al-Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir. 2001). Because the BIA failed to explain its reasoning as to the nexus issue, we remand Leiva-Perez's withholding claim as well.

4. Leiva-Perez's persecutors are not government agents, but members of a rival political party. The BIA affirmed the IJ's denial of Leiva-Perez's CAT claim by holding that Leiva-Perez "failed to establish a likelihood that he will be tortured in El Salvador by or with the acquiescence of a public official or other individual acting in an official capacity." *See* 8 C.F.R. § 1208.18(a)(1); *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Substantial evidence does not compel a contrary

finding.  Accordingly, we dismiss that part of Leiva-Perez's petition that seeks review of the BIA's CAT determination.

Each party shall bear its own costs.

**GRANTED IN PART, DENIED IN PART, AND REMANDED.**